IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-cv-1498 |
| AMSPEC HOLDING CORP., | § § § | |
| Defendant. | § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 57 and Title 28 U.S.C. §§ 2201 and 2202, Plaintiff Evanston Insurance Company files its Original Complaint for Declaratory Judgment and shows the following:

### I.
### PARTIES

1. Plaintiff Evanston Insurance Company ("Evanston" or "Plaintiff") is an Illinois corporation with its principal place of business in Illinois. Evanston is thus a citizen of Illinois for diversity jurisdiction purposes.

2. Defendant Amspec Holding Corp. ("Amspec" or "Defendant"), is a Delaware corporation with its principal place of business at 360 East Elizabeth Avenue, Linden, New Jersey 07036. Amspec is thus a citizen of Delaware and New Jersey for diversity jurisdiction purposes.

## II.
## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 (a)(1) and (2), because Evanston and Amspec are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391, because Amspec is subject to personal jurisdiction in this District and a substantial part of the events giving rise to the claim occurred in the Southern District of Texas and a substantial part of property that is the subject of the action is situated in this district, including one location in La Porte, Texas, which is within this division.

## III.
## FACTS

5. Evanston issued property insurance policy number MKLV7IM0048001 (the "Policy") to Amspec insuring various buildings at various locations in Texas, including buildings and locations located in or near Houston and Corpus Christi, Texas. The Policy covers the period of November 15, 2016 through November 15, 2017.

6. On or about August 30, 2017, Amspec notified Evanston of claimed business income and extra expense losses due to the closing of multiple ports in advance of Hurricane Harvey (the "Claim"). Amspec claimed it incurred these losses at four insured locations: 2310 Hwy 69 N, Nederland, Texas; 2800 B Loop 197 S, Texas City, Texas; 1836 Miller Cut Off Road, La Porte, Texas; and 301 N. Omaha Dr., Corpus Christi, Texas.[1] Evanston assigned claim number MXMP45967 to the Claim. Evanston retained an independent adjuster, and Amspec

---

[1] Of these locations, three are in the Southern District of Texas: Texas City is in Galveston County, within the Galveston Division; La Porte is in Harris County, within the Houston Division; and Corpus Christi is of course in the Corpus Christi Division. Nederland is in Jefferson County, which is within the Eastern District of Texas's Beaumont Division.

retained a public adjuster to investigate the Claim. Evanston promptly investigated and adjusted the reported Claim.

7. Amspec's public adjuster submitted a statement to Evanston indicating that Amspec was making its claim solely on the basis that the United States Coast Guard closed a number of Texas ports in advance of Hurricane Harvey as a precautionary measure. The ports identified by Amspec as closed by the Coast Guard are the Port of Corpus Christi, the Port of Texas City, the Port of Galveston, the Port of Port Arthur, and the Port of Houston.

8. Amspec has represented that there was no significant damage due to Hurricane Harvey at any of the four locations, and none of that damage caused the claimed business interruption. Amspec has made no claim of damage to insured property or business interruption due to closure of the insured properties themselves. The only basis for the Claim is the claimed loss of business interruption and extra expense incurred due to closure of the ports, as alleged "Dependent Locations" under the Policy. Amspec has presented losses, through its public adjuster, for business income totaling $912,524.00 and extra expense of $11,224.66, to date.

9. Under the Policy's relevant endorsement, "Dependent Locations" include but are not limited to contributing locations, which are Amspec's suppliers' locations or locations of suppliers that deliver services or materials to others for Amspec's account, and recipient locations, which are locations that receive Amspec's products. The Policy extends coverage for such dependent locations to loss of earnings or extra expenses that Amspec incurs during the restoration period, as defined in the Policy, when Amspec's business is interrupted by direct physical loss or damage, caused by a covered peril, to property at a dependent location described on the schedule. There is a 72-hour waiting period for dependent locations.

10. The Policy also contains an endorsement for "Interruption by Civil Authority." Under this provision, Evanston extended Amspec's coverage for earnings and extra expense to

include loss sustained while access to a covered location or a dependent location is specifically denied by an order of civil authority. Such an order must be a result of direct physical loss of or damage to property, other than at a covered location, and must be caused by a covered peril.

11. On April 3, 2019, Evanston informed Amspec that it was denying coverage on the Claim for the reason that Amspec's claimed business interruption loss and extra expense from the port closures was not covered under the Policy. The Coast Guard orders that allegedly closed the ports were not the result of direct physical loss of or damage to property that occurred prior to the orders, as these orders were a precautionary measure issued before Hurricane Harvey affected the ports.

## IV.
## ACTUAL CONTROVERSY

12. Amspec continues to assert that its Claim for business interruption losses and extra expenses is covered under the Policy. Evanston asserts that its denial was proper, given the clear Policy language that there was no order of civil authority that denied access to a dependent location because of direct physical loss of or damage to Property. Therefore, an actual and justiciable controversy exists between the parties, which may be resolved by a judicial declaration of the parties' rights and obligations.

## V.
## REQUEST FOR DECLARATORY RELIEF

13. Evanston respectfully requests that this Court declare the respective rights and obligations of the parties under the Policy. Evanston specifically seeks a declaration (1) that Evanston timely and appropriately investigated and adjusted the Claim; (2) that there is no coverage under the Policy for the Claim; and (3) that Evanston appropriately denied Amspec's Claim.

14. This request for declaratory relief is made subject to and without waiver of Evanston's additional rights under the Policy, including but not limited to the right to appraisal.

## VI.
## PRAYER

WHEREFORE, Evanston prays that Amspec be cited to appear and answer, and that Evanston have judgment:

(1) That Evanston timely and appropriately investigated and adjusted the Claim;

(2) That there is no coverage under the Policy for the Claim;

(3) That Evanston appropriately denied Amspec's Claim; and

(4) Awarding Evanston such other and further relief to which it may be entitled, including attorneys' fees, costs and expenses in prosecuting this action.

Respectfully submitted,

**ZELLE LLP**

By:    */s/ Todd M. Tippett*
      Todd M. Tippett
      State Bar No. 24046977
      Southern District of Texas No. 573544
      ttippett@zelle.com
      Michael P. O'Brien
      Texas Bar No. 24103418
      Southern District of Texas No. 3338567
      mobrien@zelle.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:   (214) 742-3000
Facsimile:   (214) 760-8994

**ATTORNEYS FOR PLAINTIFF EVANSTON INSURANCE COMPANY**